# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO.:** |
| | : | |
| **v.** | : | |
| | : | **VIOLATION:** |
| **JUSTIN GAGE JANGRAW,** | : | |
| | : | **22 U.S.C. § 2778** |
| | : | **(Arms Export Control Act)** |
| **Defendant.** | : | |
| | : | **22 C.F.R. Part 127.1** |
| | : | **(International Traffic in Arms** |
| | : | **Regulations)** |
| | : | |
| | : | **18 U.S.C. § 981(a)(1)(c)** |
| | : | **28 U.S.C. § 2461(c)** |
| | : | **(Criminal Forfeiture)** |
| | : | |
| | : | **18 U.S.C. § 1924** |
| | : | **(Unauthorized Removal and** |
| | : | **Retention of Classified Documents)** |

# I N F O R M A T I O N

The United States Attorney for the District of Columbia charges:

## COUNT ONE

## INTRODUCTION

1.  Defendant JUSTIN GAGE JANGRAW, was a citizen and resident of the United States, who operated an online business, "Heapeach, Inc." operating as "Sexyweapon.com" in Portland, Oregon, and sold military-grade weapons parts and accessories to customers located worldwide.

### The Arms Export Control Act

2.  The Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, authorized the

President of the United States to control the export of "defense articles" by designating items, such as certain weapons and their components, on the United States Munitions List ("Munitions List"), which was codified at 22 C.F.R. § 121.

3.   The AECA and its attendant regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, required a person to apply for and obtain an  export license from the United States Department of State, Directorate of Defense Trade Controls ("DDTC"), located in the District of Columbia, before exporting from the United States arms, ammunition, or articles of war, which were all designated as defense articles under 22 U.S.C. §§ 2778(b)(2) and 2794(3), and 22 C.F.R. §§ 120.1 and 121.1.   In the application for an export license, the exporter was required to state, among other things, the nature of the defense articles to be exported, the end recipient of the defense articles, and the purpose for which the defense articles were intended.

4. The defense articles which were subject to such licensing requirements were designated on the Munitions List.   Those designations were made by the State Department with concurrence of the Defense Department under 22 U.S.C. § 2778(a)(1) and 22 C.F.R. Section 120.2.

5.   The following items, manufactured to military specifications, were defense articles under Category I (h) of the Munitions List:

    a.   Magpul Angled Fore Grip (AFG1), Part No. MAG411, manufactured by a company located in Erie, Colorado.

    b.   Magpul Battery Assist Device Lever (B.A.D.) AR15/M16, Part No. MAG980, manufactured by a company located in Erie, Colorado.

6.   The AECA and ITAR were in effect at all times relevant to this Information.

7.   On or about December 23, 2010, within the District of Columbia and elsewhere, defendant JUSTIN GAGE JANGRAW did knowingly and willfully export, attempt to export and cause to be exported defense articles, namely 3 Magpul Angled Fore Grips and 2 Magpul Battery Assisted Device Levers from the United States to Vienna, Austria without having first obtained the required license from the DDTC, located in the District of Columbia.

**(Unlawful Export and Attempted Export of Defense Articles from the United States**, in violation of Title 22, United States Code, Section 2778; 22 C.F.R. Part 127.1)

<u>**COUNT TWO**</u>

8.   In or about November 2006 through in or about July 2011, JUSTIN GAGE JANGRAW, a United States military officer, and by virtue of his position as a military officer, being in possession of certain materials which contained classified information possessed by the United States, which was classified at the SECRET level, knowingly removed such material without authorization from Iraq with intent to retain such material at an unauthorized location, in that JANGRAW knowingly removed several hundred files containing classified documents, including a document titled CENTCOM Rules of Engagement, dated March 12, 2003.   The classified documents contained information on military plans, weapons systems or operations, vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans or protection services relating to national security.

**(Unauthorized Removal and Retention of Classified Documents,** in violation of Title 18, United States Code, Section 1924)

## **FORFEITURE ALLEGATION**

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States: (a) any arms or munitions of war or other articles that the defendant attempted to export from the United States or exported or removed from the United States, in violation of the offense; and (b) any vessel, vehicle, or aircraft containing the same or which has been used in exporting or attempting to export such arms or munitions of war or other articles, pursuant to 22 U.S.C. § 401 and 28 U.S.C. § 2461(c).

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty;

4

the defendant shall forfeit to the United States any other property of the defendant, up to

the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 22, United States Code, Section 401, Title 28 United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

Ronald C. Machen Jr.
UNITED STATES ATTORNEY
D.C. BAR NUMBER 447-889

By:    _____

Brenda J. Johnson
D.C. Bar No. 370737
Assistant United States Attorney
National Security Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7801
Brenda.Johnson@usdoj.gov

_____

David Recker
Trial Attorney
Counterespionage Section
National Security Division
U.S. Department of Justice
(202) 233-2261
David.Recker@usdoj.gov

Date: August 11, 2014